**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-21945-ALTMAN**

**PEDRO HENRIQUE SANTANA ISIDORO**,

*Petitioner*,

*v.*

**WARDEN, KROME NORTH**
**SERVICE PROCESSING CENTER**, *et al.*

*Respondents.*
_________________________________/

# ORDER

On March 31, 2026, we found that the *pro se* Petitioner's Emergency Petition [ECF No. 1] was "facially deficient." Order to Amend [ECF No. 5] at 1. The problem, as we explained, was that he didn't sign it under penalty of perjury. *Ibid.* We also found that "Santana Isidoro didn't properly certify that his Petition was a true emergency," even though he'd labeled it as one. *Id.* at 2 n.1. So, we directed Santana Isidoro to file an amended petition by April 28, 2026, "signed under the penalty of perjury" and "labeled 'Amended Petition.'" *Id.* at 3. Additionally, we informed Santana Isidoro that, absent that certification, we wouldn't treat his Petition as an emergency. *Id.* at 2 n.1; *see also* S.D. FLA. L.R. 7.1(d)(1). We warned him that we'd "dismiss this case for failure to prosecute or failure to comply with court orders" if he "fail[ed] to file the amended petition on time and in compliance with our orders." *Id.* at 3.

On April 20, 2026, Santana Isidoro filed a second "Emergency Petition for Writ of Habeas Corpus." Emergency Petition [ECF No. 7]. Two problems here. *First*, Santana Isidoro again failed to sign his Petition under penalty of perjury. *Second*, he failed to label his Petition as an "Amended Petition" despite our order that he do so. On top of that, he's again improperly labeled his filing as an

emergency. But he *still* doesn't explain why we can't provide him with meaningful relief after seven days. Instead, he just says that he's facing "expedited removal proceedings." *Id.* at 2, 5. Santana Isidoro has thus ignored this Court's orders. As a result, the appropriate sanction now is dismissal without prejudice for failure to comply with court orders. *See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." (citing FED. R. CIV. P. 41(b))); *see also Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (concluding that a pro se litigant is subject to a court's rules and to the Federal Rules of Civil Procedure); *McLeod v. Sec'y, Fla. Dep't of Corr.,* 679 F. App'x 840, 843 (11th Cir. 2017) (affirming dismissal of pro se litigant's case because of noncompliance with court orders). We therefore **ORDER and ADJUDGE** that this case is **DISMISSED** *without prejudice* for failure to comply with court orders. *See* FED. R. CIV. P. 41(b). The Clerk shall **CLOSE** this case. All motions are **DENIED** as moot and all pending deadlines are **TERMINATED**.

**DONE AND ORDERED** in the Southern District of Florida on May 2, 2026.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: Pedro Henrique Santana Isidoro, *pro se*
Counsel of Record